# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Nelson Chicas, Individually and <br> On Behalf of Others Similarly Situated, <br>     Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-0251 |
| Rossy Power Electric LLC, Arlen Castillo, <br> And Maria R. Orellana-Garcia, <br>     Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Rossy Power Electric LLC ("Rossy") and its owners, Arlen Castillo ("Castillo") and Maria R. Orellana-Garcia ("Garcia") (collectively "Defendants"), have a business plan that includes paying non-exempt hourly employees the same hourly rate for all hours worked, even those hours over 40 per workweek. Defendants' failure to pay the overtime premium required by law allows it to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Nelson Chicas ("Chicas" or "Plaintiff") is one of the workers hired by Defendants as an hourly employee and not paid overtime pay and brings this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1. Chicas worked for Defendants as an electrician from February of 2020 until November of 2021. Plaintiff's duties included, but were not limited to, installing electrical wiring, switches, and fixtures for Defendants' customers.

2. During the time he worked for the Defendants, Chicas regularly worked in excess of 40 hours per week.

3. Defendants paid Chicas on an hourly basis. Defendants did not pay Chicas an overtime premium for any of the hours he worked in excess of 40 in a workweek. Instead, Defendants paid Chicas the same hourly rate for all the hours he worked ("straight time").

4. Chicas worked with other individuals who were paid on an hourly basis to work as electricians, helpers, and laborers. These individuals also regularly worked over 40 hours per week, and they were also not paid overtime pay for hours they worked in excess of 40 per workweek. Instead, the Defendants also paid these other individuals straight time for all hours that they worked over 40 in a workweek.

**Allegations Regarding FLSA Coverage**

5. Defendant Rossy is a Texas Limited Liability Company that is covered by and subject to the overtime requirements of the FLSA.

6. During each of the three years prior to this complaint being filed, Rossy was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7. During each of the three years prior to this complaint being filed, Rossy regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

8. During each of the three years prior to this complaint being filed, Rossy conducted sufficient business to exceed an annual gross volume of sales of at least $500,000

(exclusive of excise taxes) based upon the volume of business.

9. During each of the three years prior to this complaint being filed, Rossy's employees used or handled goods, tools, equipment, or materials that traveled in interstate commerce; that is, goods, tools, equipment, or materials that were grown, made or manufactured outside the state of Texas.

### Individual Liability of Castillo and Garcia

10. Castillo and Garcia are a married couple who are the owners of Rossy. Castillo and Garcia are involved in the day-to-day operations of Rossy and have the authority to and do make all decisions regarding the pay practices of Rossy. Castillo and Garcia were the individuals who made the decision to pay Chicas straight time for all hours worked and to not pay him overtime. Castillo and Garcia are thus "employers" under the definition of the FLSA and are individually liable to Chicas and Similarly Situated Workers for the damages sought in this lawsuit.

### Plaintiff's Claims

11. Defendants were legally required to pay Chicas and his hourly co-workers ("Similarly Situated Workers") overtime pay for all hours that these individuals worked for Defendants in excess of 40 in any workweek.

12. Chicas worked over 40 hours in many workweeks that he worked for Defendants.

13. Similarly Situated Workers worked over 40 hours in many workweeks that they worked for Defendants.

14. Defendants did not pay Chicas time-and-a-half for any of the overtime hours that he worked for the Defendants. Defendants' underpayment of the Plaintiff, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to

other electrical contractors that pay their employees all of the money required by law.

15. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Chicas and Similarly Situated Workers. Such practice was and continues to be with regard to the Similarly Situated Workers, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

16. Defendants violated the FLSA by failing to pay Chicas overtime pay for hours worked over 40 per workweek.

17. Chicas has suffered damages as a direct result of Defendants' illegal actions.

18. Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees, and costs of Court under the FLSA.

19. Chicas asked Castillo why Rossy did not pay him overtime pay for the hours he worked over 40 each week. Castillo told Chicas that Rossy only paid straight time and did not pay overtime. Defendants were thus fully aware of their obligations to pay overtime yet continued to knowingly violate the FLSA's requirements. This means that the claims of the Similarly Situated Workers as described below should be subject to a three-year statute of limitations rather than two.

### Collective Action Allegations

20. The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying electrical workers on an hourly basis and not paying them overtime. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's

experience is typical of the experiences of the Similarly Situated Workers.

21. The Similarly Situated Workers to whom notice should be sent are properly defined as:

> **All individuals working for Defendants Rossy Power Electric, LLC, Arlen Castillo, and/or Maria R. Orellana-Garcia as electricians, electrician's helpers, or other laborers (no matter their specific title), who are/were employed by and paid on an hourly basis during the three-year period preceding the filing of this Complaint.**

22. The Court should order the Defendants to provide contact information for all Similarly Situated Workers to Plaintiff's counsel and allow them to send notice to all Similarly Situated Workers so that those individuals have an opportunity to proceed collectively in this matter as allowed by the FLSA.

## Defendant, Jurisdiction, and Venue

23. Defendant Rossy Power Electric, LLC is a Texas limited liability company and an "employer" of Plaintiff as defined by the FLSA. Rossy may be served through its registered agent, Maria R. Orellana-Garcia at 3202 Country Club Blvd., Stafford, Texas 77477, or wherever she may be found.

24. Defendant Arlen Castillo is an individual who may be served with process at 3202 Country Club Blvd., Stafford, Texas 77477, or wherever he may be found.

25. Defendant Maria R. Orellana-Garcia is an individual who may be served with process at 3202 Country Club Blvd., Stafford, Texas 77477, or wherever she may be found.

26. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

27. Chicas demands a trial by jury.

## Prayer for Relief

WHEREFORE, Chicas and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons performing electrician-related work who are/were employed by and paid on an hourly basis by Defendants Rossy Power Electric LLC, Arlen Castillo, and/or Maria R. Orellana-Garcia during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit to proceed collectively if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment jointly and severally against Defendants for an amount equal to Plaintiff's and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR PLAINTIFF NELSON CHICAS**